# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LeVAR JOSEPH DUGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV408-016 |
| ) | |
| COASTAL STATE PRISON; ) | |
| PATRICIA CLARK; DR. ERIC ) | |
| FOGAM, KENNETH COTTON, ) | |
| *Intake Officer*; ALFRED HARRIS, ) | |
| *Intake Officer*; WARD WILCOX, ) | |
| *Intake Officer*; JAMES WISE, ) | |
| *Intake Officer*; GAIL DEAL; SARAH ) | |
| EVANS; MAGDALENA FRITZ; ) | |
| DELPHENIA KING; LUARA ) | |
| MIDKIFF; SANDRA MONROE, ) | |
| GENE SABALBORO; SHERRIDAN ) | |
| SAMPSON; CHARLES STEVENS; ) | |
| DEBORAH TERRY; and HELEN ) | |
| TYLER; ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, now an inmate at Columbia Care Center in Columbia, South Carolina, has filed a complaint pursuant to 42 U.S.C. § 1983 against Coastal State Prison,[1] four intake officers, and much of its medical staff, alleging

---

[1] Coastal State Prison has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. Miller v. Benton County Jail, No. 06-5050,

that he was denied necessary care for a serious medical condition.[2] (Doc. 1.)

The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); see also 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine

---

2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, No. 395cv608, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x. 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983). Furthermore, to the extent that plaintiff's suit against the prison could be construed as a suit against Georgia Department of Corrections, "[t]he Eleventh Amendment bars [suit] against the Georgia Department of Corrections" regardless of the relief sought. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). Coastal State Prison should thus be **DISMISSED**.

[2] Plaintiff has filed a motion to substitute parties in which he provided the identities of fifteen formerly John and Jane Doe defendants. (Doc. 8) The Court construes the motion as a motion to amend the complaint, which is hereby **GRANTED**.

plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that upon arrival at Coastal State Prison on November 21, 2006, he alerted the intake officers that he had an open diabetic ulcer on the bottom of his foot. (Doc. 1 at 7.) He alleges that the intake officers ignored his request for "shower shoes" or other protection from the unsanitary conditions and "diseases" he would encounter while showering with other inmates. (Id.)

After intake, the prison's medical staff refused to clean and dress the foot or to provide him with the supplies necessary to do so himself. (Id.) He was repeatedly told that he had to be seen by a doctor and placed on the "Dressing Change List" before they could provide him with any assistance. (Id.)

On December 10, 2006, plaintiff met with Dr. Fogam, who noticed that plaintiff's ulcer had started to "tunnel." He informed plaintiff that the "tunneling" was caused by the standard-issue hard bottomed boots prisoners are required to wear. (Id.) Plaintiff alleges that though Dr. Fogam was aware of the worsening ulcer, he took no action to provide him

with proper footwear or to treat the ulcer. (Id. at 8.)

On December 18, 2006, plaintiff saw another doctor (apparently at a medical prison in South Carolina), who was able to properly diagnose and treat the ulcer. (Id.) By that time, however, plaintiff's foot had become badly infected. He had to have one of his toes amputated, lost a large amount of flesh, and is now bound to a wheelchair. (Id.) The medical treatment he has undergone since the amputation has caused him to suffer damage to veins in both of his arms. (Id.) On February 7, 2007, he underwent a second surgery on the foot, involving a skin graft from his thigh. (Id. at 9.)

Plaintiff asserts that he was denied necessary medical care for the diabetic ulcer. (Id. at 7.) He asks the Court to award him compensatory and punitive damages for his pain and suffering and his mental anguish. (Id. at 9.)

An open diabetic ulcer is clearly a serious medical condition. Bowers v. City of Philadelphia, No. 06cv3229, 2007 WL 219651, at *24 (E.D. Pa. Jan. 25, 2007). Plaintiff alleges that the medical staff knew of the open diabetic ulcer on his foot, yet they refused to dress it or even

provide him the materials to dress it himself. Furthermore, Dr. Fogam allegedly failed to provide any treatment to prevent further "tunneling" or infection of the ulcer. Plaintiff specifically alleges that Dr. Fogam and the rest of the named medical staff knew of his serious medical condition and nevertheless refused to do anything for him, and this alleged lack of treatment led to the amputation of his toe. Accordingly, plaintiff has stated a claim under the Eighth Amendment against these defendants. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (allegation that prison officials exhibited deliberate indifference to a prisoner's serious medical needs states a claim for relief under § 1983).

Regarding the intake officers, however, plaintiff's allegations are insufficient to state a claim. He does not allege any facts indicating that these non-medically trained officers necessarily recognized that a sore or lesion on his foot required immediate medical intervention. Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), overruled on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 (2002) (a serious medical need is "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). While

5

doctors and nurses—through their medical training—are presumably aware of the circulatory problems encountered by diabetics and the need for urgent attention to the type of foot "ulcer" described by plaintiff, the same inference cannot be reached as to a prison guard who lacks medical training. As there is no indication that the intake officers were aware of the seriousness of the condition, plaintiff cannot show that they were deliberately indifferent to his serious medical need; that is, he does not allege facts sufficient to show that they were aware that a failure to provide plaintiff with shower shoes or other protection could cause him a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accordingly, these officers should be **DISMISSED** from the suit.

For all of the above reasons, plaintiff's claim against Coastal State Prison and the prison intake officers[3] should be **DISMISSED**. All other claims survive initial review under 28 U.S.C. § 1915. Accordingly, the Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and this Report and Recommendation to the United States Marshal for service upon each

---

[3] The intake officers are Kenneth Cotton, Alfred Harris, Ward Wilcox, and James Wise.

remaining defendant.

**SO REPORTED AND RECOMMENDED** this 25th day of February, 2008.

```
                              _____
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```