# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| LeVAR JOSEPH DUGGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV408-016 |
| PATRICIA CLARK; DR. ERIC FOGAM; GAIL DEAL; SARAH EVANS; MAGDALENA FRITZ; DELPHENIA KING; LUARA MIDKIFF; SANDRA MONROE, GENE SABALBORO; SHERRIDAN SAMPSON; CHARLES STEVENS; DEBORAH TERRY; and HELEN TYLER; | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On May 15, 2007, LeVar Dugger, an inmate at Columbia Care Center in Columbia, South Carolina, filed a 42 U.S.C. § 1983 suit against Coastal State Prison, four intake officers, and much of Coastal State Prison's medical staff, alleging that he was denied necessary medical care for a diabetic ulcer on his foot. (Doc. 1.) Coastal State Prison and the four intake officers were dismissed from the suit on March 24, 2008. (Doc. 28.)

The remaining defendants have filed a motion to dismiss Dugger's amended complaint, alleging that he failed to exhaust the administrative remedies available to him. (Doc. 38.) Dugger has not responded to the motion, and it is therefore deemed unopposed. L.R. 7.5. For the reasons that follow, defendants' motion should be **GRANTED** and this case should be **DISMISSED**.

Defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing his complaint, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA's exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." Harris v. Garner, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting Alexander v.

Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998)), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970, 972 (11th Cir. 2000). The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement, announcing that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); see also Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

Not only does the PLRA require exhaustion, it "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). Proper exhaustion requires an inmate to "us[e] all steps" in the administrative process and to comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. Id. at 2385-86 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing

grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Because this 12(b) motion does not reach the merits of Dugger's underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Priester v. Rich, 457 F. Supp. 2d 1369, 1377 (S.D. Ga. 2006), aff'd sub nom. Bryant v. Rich, 237 F. App'x 429 (11th Cir. 2007). Looking to the evidence presented by the defendants, it is clear that Dugger failed to exhaust his administrative remedies before bringing this claim.

Since his incarceration began, Dugger has been housed at Coastal State Prison, Augusta State Medical Prison, Columbia Care Center, and Hays State Prison. (Doc. 38 at 10.) Dugger admits in his complaint that he did not pursue the grievance procedure available at Columbia Care Center. (Doc. 1 at 1.) Defendants have provided affidavits from officials at each of the remaining three institutions, and all of the officials assert that they had

a grievance procedure in place but Dugger did not file any grievance related to the allegations in his complaint. Teresa Snow, an administrative assistant to the warden at Hays State Prison, stated that Dugger "did not file any grievance regarding any manner of care or treatment he has received for his diabetes or his foot." (Doc. 38 Ex. 1 at 3.) Sharon Davis, an administrative assistant to the warden at August State Medical Prison, stated that "Dugger filed no grievances at all regarding any aspect of the care and treatment he received for his medical conditions while incarcerated at Augusta State Medical Prison." (Doc. 38 Ex. 2 at 3.) Finally, Darrell Williams, the Chief Counselor and Grievance Coordinator at Coastal State Prison, stated that "Dugger did not file a grievance of any sort while housed at Coastal State Prison." (Doc. 38 Ex. 3 at 3.)

As evidenced by Dugger's previously filed grievance forms regarding other matters (Doc. 38 Ex. 2 Attach. A), he is both familiar with and capable of pursuing his administrative remedies. Dugger has failed to respond to this motion to dismiss with any evidence of proper exhaustion, and the Court does not see any such evidence in the record. Consequently, defendants' motion to dismiss should be **GRANTED**, and Dugger's

complaint should be **DISMISSED** without prejudice.[1]

**SO REPORTED AND RECOMMENDED** this 15th day of May, 2008.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Any remaining state law tort claims brought pursuant to the Court's supplemental jurisdiction should also be **DISMISSED**. 28 U.S.C. § 1367(c)(3) (noting that district courts may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).